UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| RAHEEM PLEASANT, ) | |
| ) | |
|     Petitioner, ) | Civil Action No. 7: 22-52-WOB |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF PRISONS, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|     Respondents. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Raheem Pleasant has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' calculation of prior custody credits applicable to his federal sentence. [R. 1] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny relief for the reasons explained below.

In August 2011 in Philadelphia, Pennsylvania, Pleasant and two accomplices robbed employees of a Radio Shack store at gunpoint. *See Commonwealth v. Pleasant*, No. 874 EDA 2019, 2020 WL 1159176, at \*1 (Pa. Super. Ct. Mar. 10, 2020). Based upon these crimes, in June 2012 Pleasant was arraigned on robbery, firearms, and conspiracy charges in Case No. CP-51-CR-0006308-2012 in the Court of Common Pleas of Philadelphia County.[1] Six months later Pleasant

---

[1] See https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0006308-2012&dnh=Nfw%2FKhByaz5bFng%2F058r4w%3D%3D (accessed on August 1, 2022). A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

pleaded guilty and was sentenced to 5-10 years imprisonment to be followed by 10 years of probation.  In 2013 and 2014, Pleasant filed motions for post-conviction relief in the state court, which remained pending until October 2018.  *Pleasant*, 2020 WL 1159176, at *1.

By August 2016 Pleasant had served the custodial portion of his state sentence, and was transferred to a halfway house in anticipation of beginning his term of probation.  But three weeks later, while still at the halfway house, Pleasant committed the first of four armed bank robberies in Philadelphia.  Pleasant robbed bank branches on September 15, 2016; December 17, 2016; December 23, 2016; and January 2, 2017.  *See United States v. Pleasant*, No. 2:17-CR-62-GAM-1 (E.D. Pa. 2017) [R. 1, 9, 22 therein].  The Federal Bureau of Investigation and local law enforcement conducted a joint investigation of the crimes.  *See* [R. 31 therein]  With the assistance of numerous eyewitnesses and extensive video surveillance footage, they identified Pleasant as the culprit.  On January 10, 2017, Pleasant agreed to be questioned at FBI headquarters.  *See* [R. 42 therein]  Local police obtained a warrant for his arrest the same day, and he was taken into state custody.  However, no state charges were ever filed regarding these robberies.  Instead, federal charges were filed two days later, and Pleasant was transferred into federal custody the following day.  *See* [R. 1, 2 therein]

Pleasant was indicted on four counts of bank robbery pursuant to 28 U.S.C. § 2113(a).  *See* [R. 22 therein]  While extensive pretrial proceedings ensued in the federal case, in November 2017 Pleasant filed an amended motion for post-conviction relief in the state court in light of intervening Pennsylvania precedent holding that the state's mandatory sentencing scheme was unconstitutional.  *See Pleasant*, 2020 WL 1159176, at *1. The Pennsylvania trial court granted resentencing, but once it was made aware that Pleasant had recently committed four armed bank

robberies, the judge resentenced him in October 2018 to 35-70 years imprisonment. *See Id*. at 1, at 4 n.3.

In September 2018, Pleasant reached an agreement with the government to plead guilty to the federal charges. *See Pleasant*, No. 2:17-CR-62-GAM-1 [R. 92 therein] On December 13, 2018, the federal trial court sentenced Pleasant to 160 months imprisonment, and ordered that its sentence would run concurrently with the state sentence. *See* [R. 100, R. 103 at 26 therein]

Pleasant appealed the state court's revised judgment in March 2019. In March 2020 the Superior Court of Pennsylvania reversed, concluding that the Court of Common Pleas had failed to adequately explain the grounds for its upwardly-revised sentence. *Pleasant*, 2020 WL 1159176, at *3-4. On May 21, 2021, the state court resentenced Pleasant to 11½ to 23 months imprisonment to be followed by 15 years probation. *See* [R. 1-1 at 13-16][2]

Shortly thereafter, Pleasant filed inmate grievances with the BOP requesting prior custody credit for the period from July 27, 2013 (the day after Pleasant asserts his newly-shortened state sentence concluded) through August 29, 2016 (the day Pleasant entered the state halfway house). Pleasant also sought credit for the period from January 24, 2017 through January 10, 2019, and from January 11, 2019 to May 17, 2021. Pleasant offered scant explanation for the relief he sought. The BOP denied his requests, noting that Pleasant's federal sentence commenced on December 13, 2018 (the date that it was imposed), and that he was granted prior custody credits from January 10, 2017 (the date of his arrest) through December 12, 2018 (the day before his federal sentence was imposed). Further, the three-year period for which Pleasant sought credit was spent solely in

---

[2] See also https://ujsportal.pacourts.us/Report/CpCourtSummary?docketNumber=CP-51-CR-0006308-2012&dnh=Nfw%2FKhByaz5bFng%2F058r4w%3D%3D (accessed on August 1, 2022).

service of a state sentence for which he was arrested before he committed his federal offense and unrelated to it. Therefore, the BOP concluded, no credit was warranted under either 18 U.S.C. § 3585(b) or under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). *See* [R. 1-1 at 1-12]

The Court has thoroughly reviewed the record and Pleasant's contentions, and concludes that the petition must be denied. The BOP calculates a federal prisoner's sentence as follows:

(a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28 (Feb. 19, 1997).

Pursuant to Section 3585(a), Pleasant's federal sentence commenced immediately, on the day it was imposed on December 13, 2018. This is so because, although Philadelphia police were the first to formally take Pleasant into custody pursuant to a warrant, state authorities never criminally charged Pleasant for the robberies. Nor did they, as defense counsel incorrectly stated during the federal sentencing hearing, seek to revoke his parole from his 2012 convictions. Instead, local police released Pleasant to federal authorities, who in turn charged Pleasant on January 12, 2017. Federal authorities therefore obtained primary custody over Pleasant, *see Ponzi v.*

4

*Fessenden*, 258 U.S. 254, 260-62 (1922), causing his federal sentence to begin immediately upon imposition.

Pleasant is entitled to and received prior custody credits under Section 3585(b). Pleasant was arrested for the 2016 and January 2017 bank robberies on January 10, 2017, and he remained in federal pretrial custody until December 12, 2018, which is the day before his federal sentence was imposed. He was credited for that time period under Section 3585(b)(1) because he was held in pretrial custody "as a result of the offense for which the sentence was imposed."

But Pleasant asserts that he is entitled to prior custody credit for the period from July 2013 through August 2016, a period he spent in state prison in service of his 2012 state sentence. The apparent basis for this belief is that in 2021, in Case No. CP-51-CR-0006308-2012 he was resentenced from 5-10 years to approximately 1-2 years. Because that sentence began in 2012, the Pennsylvania Department of Corrections concluded that the shortened sentence would have completed no later than July 2013. *See* [R. 1-1 at 21] But the BOP correctly concluded that this time period does not qualify for credit for two independent reasons. First, it does not qualify for credit under Section 3585(b)(2) because Pleasant spent this time period in jail for the 2011 robbery of the Radio Shack. He was arrested for that 2011 robbery long before, not after, he committed his federal crimes in 2016 and 2017. Pleasant was therefore not in state custody "as a result of any other charge for which the defendant was arrested *after* the commission of the [federal] offense for which the sentence was imposed." Section 3585(b)(2) (emphasis added).

Second, Pleasant is not entitled to prior custody credit for this period under the *Willis* exception for two reasons. First, *Willis* has no bearing upon Pleasant's case because (1) his 2011 state convictions for the Radio Shack robbery are entirely unrelated to his federal convictions for the 2016 and 2017 bank robberies. Second, *Willis* applies only to a rare fact pattern where state

5

presentence custody entirely precedes commission of the federal offense, and the full term of the ensuing federal sentence exceeds the full term of a concurrent state sentence. *See* BOP Program Statement 5880.28 Ch. I § 3(c)(1)(b)(2)(C); *Cruz v. Wilson*, No. 6:09-CV-281-GFVT (E.D. Ky. April 1, 2011), *aff'd*, No. 11-5471 (6th Cir. April 26, 2012). Here, Pleasant seeks credit for state prison time, which is *post*-sentence custody, not pre-sentence custody. *Willis* therefore simply does not apply.

Finally, *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) articulated yet another exception to Section 3585(b)'s prohibition against "double counting," but it plainly does not apply to Pleasant. For *Kayfez* to apply, the full term of the concurrent state sentence would otherwise conclude after the full term of the federal sentence, but for state prior custody credits which cause the state sentence to conclude before the full federal sentence. *See* Program Statement 5880.28 Ch. I § 3(c)(1)(b)(2)(D). Here, Pleasant's 2012 sentence for the Radio Shack robbery concluded in July 2013, seventeen years *before* the full term of his federal sentence would conclude in early 2030. *Kayfez* does not apply to Pleasant's circumstance.

For each of these reasons, the BOP correctly concluded that Pleasant has received the full measure of prior custody credits to which he is entitled.

Accordingly, it is **ORDERED** as follows:

1. Pleasant's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. Pleasant's motion for exemption from service requirement [R. 6] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. The Court will enter an appropriate Judgment.

This the 16th day of August, 2022.



Signed By:
**_William O. Bertelsman_** WOB
United States District Judge

7